# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 24, 2018

157007

NORTHPORT CREEK GOLF COURSE LLC,
      Petitioner-Appellee,
v

TOWNSHIP OF LEELANAU,
      Respondent-Appellant.

SC: 157007
COA: 337374
MTT: 15-002908-TT

Stephen J. Markman,
*Chief Justice*

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
*Justices*

_____/

On order of the Court, the application for leave to appeal the November 28, 2017 judgment of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE that part of the Court of Appeals analysis stating: "Because neither respondent nor the tax tribunal has presented any analysis that petitioner is a 'user' under MCL 211.181 beyond petitioner's being a for-profit business, the tax tribunal erred in denying summary disposition to petitioner." The Tax Tribunal did not directly address this issue in the first instance. Therefore, we REMAND this case to the Court of Appeals for further consideration. On remand, while retaining jurisdiction, the Court of Appeals shall remand this case to the Tax Tribunal to conduct a hearing to answer the following questions as posed in the Court of Appeals analysis: "whether the golf course is 'used by' petitioner 'in connection with a business conducted for profit' and petitioner is the 'user of the real property.'" MCL 211.181(1). At the conclusion of the hearing, the Tax Tribunal shall forward the record and its findings to the Court of Appeals, which shall rule on whether the petitioner is subject to tax under MCL 211.181(1) based on the record. If the Court of Appeals determines that the petitioner is subject to tax under MCL 211.181(1), the Court of Appeals shall consider the remaining issue raised by the petitioner but not addressed by that court during its initial review of this case regarding whether the petitioner is entitled to the concession exemption under MCL 211.181(2)(b). In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 24, 2018



p1017

Clerk